ASSOCIATES FINANCIAL SERVICES COMPANY OF
WISCONSIN, INC., Plaintiff-Respondent,

v.

Ora Jean BROWN, a/k/a Ora Jean Lockhart and
the City of Milwaukee, Defendants,

Alex LOCKHART and Mary Lee Lockhart,
Defendants-Appellants.

Court of Appeals

*No. 01–3416. Submitted on briefs August 6, 2002.—Decided
November 12, 2002.*

2002 WI App 300

(Also reported in 656 N.W.2d 56.)

On behalf of the defendants-appellants, the cause was submitted on the brief of *John D. Dries*, Wauwatosa.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Arthur M. Moglowsky* and *Penny G. Gentges* of *Bass & Moglowsky, S.C.*, Milwaukee.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. FINE, J. Alex and Mary Lee Lockhart appeal the trial court's order granting summary judgment in favor of Associates Financial Services Company of Wisconsin, Inc. The trial court concluded that Associates Financial received a mortgage free and clear of the Lockharts' adverse claim to the property because Associates Financial was a subsequent good-faith purchaser for value. The Lockharts contend that whether or not Associates Financial reasonably searched the Milwaukee County Register of Deeds's office and thus should have had notice of their interest in the property is a disputed question of fact. We disagree and affirm.

I.

¶ 2. On November 22, 1991, Ora Jean Brown conveyed her house to Alex and Mary Lee Lockhart by

quitclaim deed.[1] The deed incorrectly described the property as:

> Parcel 1 of *Certified Survey Map No. 1151* being a part of the Northwest One-Quarter (1/4) of Section Twenty-Nine (29), Township Eight (8) North, Range Twenty-One (21) East, in the City of Milwaukee, County of Milwaukee and State of Wisconsin recorded in the office of the Register of Deeds for Milwaukee County, Wisconsin, on March 31, 1971, on Reel 578, Image 1465, as Document No. 4582012.

(Emphasis added.) The correct legal description of the property is: *Certified Survey Map Number 1511.* The quitclaim deed was recorded and indexed by the Register of Deeds for Milwaukee County on February 14, 1992.

¶ 3. On January 20, 1997, Brown executed a mortgage on the property to Associates Financial for $119,833.68.[2] The mortgage was recorded and indexed with the Register of Deeds on January 20, 1997.

¶ 4. Brown defaulted on the mortgage, and Associates Financial filed a complaint to foreclose, naming Brown as the defendant. After it filed the complaint, Associates Financial learned that Alex and Mary Lockhart held a quitclaim deed to the property, and added

---

[1] It is unclear from the record whether Ora Brown is Alex Lockhart's sister or Mary Lockhart's sister. The Lockharts' brief in opposition to summary judgment claims "Ora Jean Brown and Alex Lockhart are sister and brother," while Associates Financial's rebuttal brief on summary judgment claims "Mary Lockhart and Ora Jean Brown are sisters."

[2] Brown executed other mortgages on the property to Tri City National Bank and Associates Financial from December of 1991 through January of 1997. The only mortgage at issue in this case is Brown's January 20, 1997, mortgage to Associates Financial.

them to the lawsuit as defendants. The Lockharts then alleged that their interest in the property was superior to Associates Financial's mortgage because they held a recorded deed for the property.[3]

¶ 5. Associates Financial moved for summary judgment. It contended that its mortgage was superior to the Lockharts' quitclaim deed because the mortgage was properly recorded pursuant to WIS. STAT. § 706.08(1)(a).[4] The Lockharts claimed that summary

---

[3] The Lockharts also filed cross-claims for reformation in equity and slander of title, which were dismissed in the order granting summary judgment. The Lockharts addressed the reformation claim in the conclusion section of their brief, where they claimed that:

> resolution of the issue of reformation necessitates resolving key issues of fact including, without limitation: 1) the scope of the search by Associates; 2) whether or not Associates' search was reasonable in terms of its scope and depth; 3) the intent of Brown and Lockharts; 4) whether Lockharts changed their financial position to their detriment; 5) whether Lockharts relied in good faith on the real estate transaction between Brown and Lockharts; and 6) whether or not Brown would be unjustly enriched if enforcement of the transaction were denied.

These contentions are not adequately briefed—they are conclusory and undeveloped. Thus, we decline to address them. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633, 642 (Ct. App. 1992) (appellate court can "decline to review issues inadequately briefed"). Moreover, the Lockharts do not argue the issue of slander of title in their appellate brief. Thus, it is waived. *See Reiman Assocs., Inc. v. R/A Adver., Inc.*, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 n.1 (Ct. App. 1981) (contentions not briefed are waived).

[4] WISCONSIN STAT. § 706.08(1)(a) provides:

> Except for patents issued by the United States or this state, or by the proper officers of either, every conveyance that is not recorded as provided by law shall be void as against any subse-

judgment was inappropriate because an issue of fact existed as to whether Associates Financial could have, through "reasonable inquiry," discovered their interest in the property by using a computer system at the Register of Deeds's office.

¶ 6. As noted, the trial court granted Associates Financial's motion for summary judgment. It determined that Associates Financial took the mortgage as a "subsequent purchaser, in good faith, and for a valuable consideration, free and clear of any interests that the [Lockharts] may have in the property" because Associates Financial did not have actual or constructive notice of the Lockharts' quitclaim deed.[5] The trial court reasoned that:

> even if they looked in the computer, what was in that computer is not constructive notice because it only shows a deed between Ora Jean Brown and Lockhart for some property that is not properly described, and not the property they were dealing with, and they lent the money on, and they didn't have to do anymore than that.

quent purchaser, in good faith and for a valuable consideration, of the same real estate or any portion of the same real estate whose conveyance is recorded first.

Effective September 1, 2002, non-substantive style changes were made to this section. *See* 2001 Wis. Act 103, §§ 330, 331.

[5] The trial court also determined that the quitclaim deed was an invalid conveyance because it did not accurately identify the land conveyed pursuant to WIS. STAT. § 706.02(1)(b). In light of our resolution of this case on other grounds, we will not discuss this issue. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).

## II.

¶ 7. Our review of the trial court's grant of summary judgment is *de novo,* and we apply the same standards as did the trial court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315–317, 401 N.W.2d 816, 820–821 (1987). First, we examine the pleadings to determine whether a proper claim for relief has been stated. *Id.,* 136 Wis. 2d at 315, 401 N.W.2d at 820. If the complaint states a claim and the answer joins the issue, our inquiry then turns to whether any genuine issues of material fact exist. *Ibid.* WISCONSIN STAT. RULE 802.08(2) sets forth the standard by which summary judgment motions are to be judged:

> The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

¶ 8. As noted, the Lockharts allege that Associates Financial's search of the tract index was unreasonable because Associates Financial failed to use the computer system at the Register of Deeds's office, which would have disclosed their interest in the property. The Lockharts contend, however, that this issue cannot be decided on summary judgment because it involves a disputed question of fact. We disagree.

¶ 9. WISCONSIN STAT. § 706.08(1)(a) is a codification of the common law bona-fide-purchaser doctrine. *In re Carley Capital Group,* 117 B.R. 951, 958 (Bankr. W.D. Wis. 1990). As we have seen, it declares that "every conveyance that is not recorded as provided by law shall

be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real estate or any portion of the same real estate whose conveyance is recorded first." WIS. STAT. § 706.08(1)(a). The purpose of this section is "to render record title authoritative to protect a purchaser who relies on the record and is a purchaser in good faith and for a valuable consideration." *Kordecki v. Rizzo*, 106 Wis. 2d 713, 718–719, 317 N.W.2d 479, 482 (1982).

¶ 10. Here, the undisputed facts support the trial court's grant of summary judgment. First, the Lockharts do not argue that they recorded the quitclaim deed, which reflected their interest in the property, "as provided by law." *See* WIS. STAT. § 706.08(1)(a); *see also* WIS. STAT. § 706.05(2) (requirements for an instrument offered for record).[6] Indeed, in response to Associates Financial's request for admissions, the Lockharts admitted that the quitclaim deed was not properly recorded: "[the] deed . . . described [as Certified Survey Map Number 1151] does not contain a valid description of the land conveyed." The Lockharts further admitted that the title to the property, "with the exact legal description [Certified Survey Map Number 1511] was vested in defendant, Ora Jean Brown" on January 20, 1997, the date Brown executed the mortgage. (Uppercasing omitted.) Moreover, the Lockharts do not contend that Associates Financial did not record its mortgage "as required by law." Thus, it is undisputed that Associates Financial recorded its interest in the property under § 706.08(1)(a) first.

───────────

[6] Effective September 1, 2002, non-substantive style changes were made to this section. *See* 2001 Wis. Act 103, §§ 330, 331.

¶ 11. Second, the Lockharts do not dispute that Associates Financial took the mortgage in good faith and for value. A purchaser or mortgagee takes its interest in good faith if it is "without notice, constructive or actual, of a prior conveyance." *Kordecki*, 106 Wis. 2d at 719–720, 317 N.W.2d at 483. The scope of inquiry is "limited to 'the contents of all instruments in the chain of title and of the contents of instruments referred to in an instrument in the chain of title.' " *In re Carley Capital Group*, 117 B.R. at 959 (quoted source omitted); *see also* WIS. STAT. § 706.09.[7] An instrument is within the chain of title when it is "discoverable by reasonable search of the public records and indices affecting real estate in the offices of the register of deeds and in probate and of clerks of courts of the counties in which the real estate is located." WIS. STAT. § 706.09(4).

¶ 12. Here, the Lockharts do not contend that the tract index showed that they had an interest of any kind in the property when Associates Financial recorded the mortgage. Thus, in response to Associates Financial's request for admissions, the Lockharts admitted that a search of the index system would not have shown the quitclaim deed in the chain of title: "a search of the tract index system in the office of the Register of Deeds for Milwaukee County . . . would not have disclosed the recorded deed described [as Certified Survey Map Number 1151]." (Underlining in original.) The Lockharts also do not dispute that Associates Financial was a good-faith purchaser for value. Accordingly, the Lock-

---

[7] Effective September 1, 2002, non-substantive style changes were made to this section. *See* 2001 Wis. Act 103, §§ 330, 331.

harts' interest in the property is void as against Associates Financial—it is undisputed that Associates Financial "recorded first . . . in good faith and for a valuable consideration."

¶ 13. Finally, the Lockharts do not argue that. Associates Financial had notice of their interest in the property under WIS. STAT. § 706.09. Section 706.09 "generally describes situations where a purchaser of land may take the property free from any adverse or inconsistent claim of which he or she lacks notice." *Rock Lake Estates Unit Owners Ass'n v. Township of Lake Mills*, 195 Wis. 2d 348, 371, 536 N.W.2d 415, 424 (Ct. App. 1995). It provides, as relevant:

> **(1)** WHEN CONVEYANCE IS FREE OF PRIOR ADVERSE CLAIM. A purchaser for a valuable consideration, without notice as defined in sub. (2), and the purchaser's successors in interest, shall take and hold the estate or interest purported to be conveyed to such purchaser free of any claim adverse to or inconsistent with such estate or interest, if such adverse claim is dependent for its validity or priority upon:
>
> . . . .
>
> (b) *Conveyance outside chain of title not identified by definite reference.* Any conveyance, transaction or event not appearing of record in the chain of title to the real estate affected, unless such conveyance, transaction or event is identified by definite reference in an instrument of record in such chain. No reference shall be definite which fails to specify, by direct reference to a particular place in the public land record, or, by positive statement, the nature and scope of the prior outstanding interest created or affected by such conveyance, transaction or event, the identity of the original or subsequent owner or holder of such interest, the real estate affected, and the approximate date of such conveyance, transaction or event.

. . . .

**(2)** NOTICE OF PRIOR CLAIM. A purchaser has notice of a prior outstanding claim or interest, within the meaning of this section wherever, at the time such purchaser's interest arises in law or equity:

. . . .

(b) *Notice of record within 30 years.* There appears of record in the chain of title of the real estate affected, within 30 years and prior to the time at which the interest of such purchaser arises in law or equity, an instrument affording affirmative and express notice of such prior outstanding interest conforming to the requirements of definiteness of sub. (1) (b).

¶ 14. The Lockharts' argument that Associates Financial should have searched for prior interests in the Register of Deeds's computer system is without merit. WISCONSIN STAT. § 706.09(2)(b) does not require purchasers for value to see if there is *some way,* in the absence of a proper recording, that an interest could *possibly* be discovered. Indeed, such a requirement would be contrary to the very purpose of the recording statutes—to ensure a clear and certain system of property conveyance. *See Kordecki*, 106 Wis. 2d at 718–719, 317 N.W.2d at 482.

*By the Court.*—Order affirmed.