KLOPPENBURG, J.[1]
¶ 1 Ian Humphrey appeals the judgment entered against him in the amount of $200.50 after he was found guilty following a court trial of operating a motor vehicle while suspended. For the reasons discussed below, I affirm the judgment.
¶ 2 As a preliminary matter, I briefly address Humphrey's complaint that the absence of transcripts of the circuit court proceedings renders this appeal meaningless. It was Humphrey's "responsibility to ensure completion of the appellate record," Jensen v. McPherson , 2004 WI App 145, ¶ 6 n.4, 275 Wis. 2d 604, 685 N.W.2d 603, and the record shows that he neither obtained any transcripts nor made the required showing for him to obtain transcripts without paying the fees for their production.
¶ 3 After filing this appeal, Humphrey moved the circuit court for waiver of fees for the production of transcripts. In a written decision, the circuit court found Humphrey indigent but denied the motion because Humphrey had failed to state any arguable basis for appeal. See WIS. STAT. § 814.29 ; State ex rel. Girouard v. Circuit Ct. for Jackson Cty , 155 Wis. 2d 148, 159, 454 N.W.2d 792 (1990). Humphrey appealed that decision. This court affirmed the circuit court's denial of the transcript fee waiver, and our supreme court denied Humphrey's petition for review. Humphrey cannot relitigate that issue in this appeal. See Univest Corp. v. General Split Corp. , 148 Wis. 2d 29, 38, 435 N.W.2d 234 (1989) ("[A] decision on a legal issue by an appellate court establishes the law of the case, which must be followed in all subsequent proceedings in the [circuit] court or on later appeal.").
¶ 4 I now turn to the remaining arguments that Humphrey makes in this appeal. First, Humphrey argues that the circuit court erroneously denied his request for a jury trial. More specifically, Humphrey argues that the court did not give him the opportunity to correct his failure to support his request for a jury trial with an affidavit of indigency as required by WIS. STAT. § 814.29(1)(b). The record reflects that the court denied Humphrey's request "for reasons stated on the record" at a hearing on March 8, 2016. However, as noted above, the record does not contain a transcript of that hearing. When the record is incomplete in regard to an issue on appeal, this court assumes that the missing material supports the circuit court's ruling. See Fiumefreddo v. McLean , 174 Wis. 2d 10, 27, 496 N.W.2d 226 (Ct. App. 1993). I rely on that assumption here and conclude that the circuit court properly denied Humphrey's request for a jury trial.
¶ 5 Second, Humphrey argues that the circuit court erroneously entered a default judgment when in fact Humphrey was present at and participated in the trial. He argues that the default judgment resulted in the erroneous denial of his motion to waive fees for the production of transcripts, and that the default judgment will "harm [him] in the future." His argument as to the effect of the default judgment on his fee-waiver motion fails because the apparent discrepancy between the default judgment and his appearance at trial was already addressed by this court in his first appeal, and our supreme court denied review; therefore, he cannot relitigate that issue in this appeal. See Univest Corp. , 148 Wis. 2d at 38. His argument as to any future effect of the default judgment fails because it is speculative and undeveloped; therefore, I do not consider it further. See Associates Fin. Servs. Co. of Wis., Inc. v. Brown , 2002 WI App 300, ¶ 4 n.3, 258 Wis. 2d 915, 656 N.W.2d 56 (the court may decline to consider conclusory and undeveloped arguments).
¶ 6 Third, Humphrey makes a series of arguments addressed to the sufficiency of the evidence. He argues that the circuit court's finding of guilt was not supported by "clear and convincing evidence" and "was inconsistent with the evidence." As this court stated in an earlier order in this appeal, if the appellant does not provide a transcript, this court assumes it supports every fact essential to the circuit court ruling. Austin v. Ford Motor Co. , 86 Wis. 2d 628, 641, 273 N.W.2d 233 (1979). I rely on that assumption here to conclude that the finding of guilt was properly supported by the evidence presented.
¶ 7 Humphrey also challenges the circuit court's credibility and weight-of-evidence determinations. However, this court defers to circuit courts on credibility and weight-of-evidence determinations. See State v. Randall , 2011 WI App 102, ¶ 14, 336 Wis. 2d 399, 802 N.W.2d 194 (we defer to the circuit court's credibility determinations); Lessor v. Wangelin , 221 Wis. 2d 659, 665, 586 N.W.2d 1 (Ct. App. 1998) ("When the [circuit] court acts as the finder of fact, it is the ultimate arbiter of the credibility of the witnesses and of the weight to be given to each witness's testimony.").
¶ 8 Humphrey also argues that a document he obtained after trial shows that his license was not suspended on the date he was charged. However, Humphrey does not establish that the document is part of the record that was before the circuit court, that he sought any relief in the circuit court based on that document, or that the court made any findings of fact related to that document, and, therefore, I do not consider this argument on appeal. See Shoreline Park Pres., Inc. v. Wisconsin DOA , 195 Wis. 2d 750, 769 n.8, 537 N.W.2d 388 (Ct. App. 1995) ("[i]t is fundamental ... that our review is limited to the record"); see also State v. Bodoh , 226 Wis. 2d 718, 737, 595 N.W.2d 330 (1999) (appellate courts may address issue not considered below "only when the new issue raised is a question of law, the parties have thoroughly briefed the issue, and there are no disputed issues of fact regarding the new issue.").
¶ 9 Finally, Humphrey suggests that certain state statutes governing drivers' licenses violate his substantive due process rights. I do not consider this argument because it is neither developed nor supported by legal authority. See State v. Flynn , 190 Wis. 2d 31, 39 n.2, 527 N.W.2d 343 (Ct. App. 1994) (court need not address issues insufficiently developed, inadequately briefed, or lacking citations to authority).
¶ 10 For the reasons stated, the judgment is affirmed.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(g) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise stated.