SHERMAN, J.[1]
¶ 1 J.D. appeals an order involuntarily terminating her parental rights to G.S. on the ground that G.S. is a child in continuing need of protection and services (continuing CHIPS). See WIS. STAT. § 48.415(2). J.D. contends that she is entitled to a new trial on the issue of whether continuing CHIPS had been proven at trial because the real controversy was not fully tried. See WIS. STAT. § 752.35. For the reasons explained below, I affirm.
BACKGROUND
¶ 2 In June 2015, G.S. was found to be in need of protection and services, and in August 2015, the circuit court entered a dispositional order placing G.S. outside the home and conditions for the return of G.S. to J.D.'s custody were set by the court. In May 2016, Monroe County filed a petition for the involuntary termination of J.D.'s parental rights to G.S. The petition alleged continuing CHIPS as the ground for termination of J.D.'s parental rights. See WIS. STAT. § 48.415(2).
¶ 3 A jury trial was held on the issue of grounds for terminating J.D.'s parental rights. The trial was held in conjunction with a trial on the issue of grounds for terminating the parental rights of G.S.'s father, B.S. B.S. failed to appear at the first day of trial. B.S.'s trial attorney advised the circuit court that he was uncertain if B.S. intended on appearing at trial, and a hearing was scheduled for the second day of trial to address a possible default determination as to grounds for terminating B.S.'s parental rights. The first day of trial continued in B.S.'s absence and Gina Phelps, the case worker assigned to G.S.'s case, was questioned on direct examination by the County's trial counsel. Phelps's testimony on the first day of trial related to both J.D. and B.S.
¶ 4 B.S. did not appear at the second day of trial, and the circuit court found that B.S. was in "default." After the court made this finding, Phelps gave additional testimony on direct examination regarding B.S. outside the presence of the jury, and she was briefly cross-examined by both B.S.'s trial counsel and the guardian ad litem. After Phelps was questioned, the circuit court found that the County had set forth sufficient evidence to establish grounds for terminating G.S.'s parental rights, and the trial proceeded solely on the issue of grounds as to J.D. In the presence of the jury, Phelps gave additional testimony on direct examination by the County's trial counsel regarding J.D., and Phelps was cross-examined by J.D.'s trial counsel.
¶ 5 The jury ultimately found that the County had established each of the elements of continuing CHIPS. See WIS. STAT. § 48.415(2) (setting forth the elements of continuing CHIPS). A hearing on disposition was subsequently held, after which the circuit court determined that terminating J.D.'s parental rights was in G.S.'s best interest. An order terminating J.D.'s parental rights to G.S. was entered by the court. J.D. appeals.
DISCUSSION
¶ 6 J.D.'s sole contention on appeal is that this court should, in the interest of justice, set aside the order terminating her parental rights and order a new trial because the real controversy at the grounds phase of the TPR proceeding was not fairly and fully tried. WIS. STAT. § 752.35. Under § 752.35, this court has the discretion to "reverse the judgment or order appealed from" and order a new trial. "The power to grant a new trial when it appears the real controversy has not been fully tried 'is formidable, and should be exercised sparingly and with great caution.' " State v. Sugden , 2010 WI App 166, ¶ 37, 330 Wis. 2d 628, 795 N.W.2d 456 (quoted source omitted). This court exercises its power to grant a discretionary reversal " 'only in exceptional cases.' " Id. (quoted source omitted).
¶ 7 To establish continuing CHIPS, the County must present clear and convincing evidence that: (1) the child was adjudged to be in need of protection and services and has been placed outside the home for six months or longer pursuant to one or more court orders containing the termination of parental rights notice required by law; (2) the agency responsible for the case of the child and the child's family made reasonable efforts to provide the services ordered by the court; (3) the child's parent has not met the conditions established for the safe return of the child to the parent's home; and (4) a substantial likelihood exists that the child's parent will not meet those conditions within the nine months after the hearing. See WIS. STAT. §§ 48.415(2)(a) (stating the elements) and 48.31(1) (stating the burden of proof). The focus of J.D.'s arguments on appeal is on the fourth element.
¶ 8 Numerous conditions of return were established by the circuit court in order for G.S. to be reunified with J.D. Relevant here is condition eleven, which provided:
Should ... [J.D.] be involved in a relationship with a person who would be living in the home or responsible for any parental duties, that person's appropriateness must also be assessed. Should that person refuse to be part of this process, the court must then determine the appropriateness of having the child exposed to a person who does not acknowledge the seriousness of this process.
¶ 9 J.D., who was living with B.S. at the time of trial, argues that Phelps's testimony on the first day of trial was "central" to the question of whether there was a substantial likelihood that condition eleven would be met in the nine months following trial. J.D. argues that Phelps's testimony was "not properly admitted" because Phelps was not cross-examined by B.S.'s trial counsel in front of the jury. J.D. argues that the lack of cross-examination resulted in the "improper lighten[ing]" of the County's burden and "so clouded" the question of whether there was a substantial likelihood that J.D. would meet condition eleven in the nine months following the trial that the real controversy was not fully tried.
¶ 10 As best I can tell, J.D. is arguing that the admission of Phelps's testimony was improper because her testimony violated the Confrontation Clause of the Sixth Amendment. The Confrontation Clause guarantees criminal defendants the right to confront witnesses who testify against the defendant at trial. U.S. Const. amend. VI. A defendant's right to confrontation is violated when a witness is permitted to relate out of court "testimonial" hearsay statements unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. Crawford v. Washington , 541 U.S. 36, 68-69 (2004). J.D. does not explain to this court how or why Phelps's testimony falls within the purview of the Confrontation Clause. More specifically, she does not point this court to any legal authority that the Confrontation Clause applies in termination of parental rights proceedings, and she does not argue that Phelps's testimony was "testimonial" hearsay. J.D. also does not explain how or why the absence of cross-examination of Phelps by B.S.'s trial counsel "improperly lightened" the County's burden of proving that there was a substantial likelihood that she would not satisfy condition eleven in the nine months following trial, or how or why her testimony so clouded that question that the issue was not fully tried. This court does not, as a general rule, consider conclusory assertions and undeveloped arguments. See Associates Fin. Servs. Co. of Wis., Inc. v. Brown , 2002 WI App 300, ¶ 4 n.3, 258 Wis. 2d 915, 656 N.W.2d 56.
¶ 11 J.D. also asserts that the real controversy was not fully tried because the circuit court failed to properly instruct the jury on how to deal with Phelps's testimony relating to B.S. "[I]nsufficient jury instructions may result in a real controversy not being fully tried." Barry v. Employers Mut. Cas. Co. , 2001 WI 101, ¶ 37, 245 Wis. 2d 560, 630 N.W.2d 517.
¶ 12 On the second day of trial, after Phelps was questioned outside of the presence of the jury, the circuit court, without objection from counsel, stated as follows to the jury:
There has been a development since we last met. The case involving [B.S.], who is the father, has now been resolved, and it will not be under consideration by you, so that part of the case is no longer before you.... [B.S.'s] attorney, you will notice, no longer appears. There may be testimony that involves [B.S.] that's presented to you, but only as it affects the other parent, [J.D.].
¶ 13 J.D. asserts that the court's instruction "was erroneous because it addressed only the future days of trial," "provided the jury with no framework within which to view the testimony admitted on [B.S.] on the previous day," and "failed to provide sufficient instruction to the jury on what viewing testimony on [B.S.] 'only as it affects the other parent,' meant or could be accomplished." J.D. does not point this court to any legal authority supporting her assertion that the court's instruction was erroneous, nor does she explain how or why the instruction, or lack of a better instruction, prevented the jury from determining whether there was a substantial likelihood that J.D. would meet condition eleven, or any other condition of return, in the next nine months.
¶ 14 In short, J.D. has failed to present this court with a developed, persuasive argument that the real controversy was not tried and that this is an exceptional case warranting discretionary reversal, and I conclude that it is not. Accordingly, I affirm.
CONCLUSION
¶ 15 For the reasons discussed above, this court affirms.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(e) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.