PER CURIAM.
¶ 1 Joseph Reinwand appeals a judgment convicting him of first-degree murder for the death of his wife Pamela Reinwand. See WIS . STAT . § 940.01(1) (1983-84). Reinwand asserts (but, as we explain below, fails to develop an argument) that he is entitled to a new trial because out-of-court statements made by a person who was unavailable to testify at trial as to those statements were erroneously admitted at trial in violation of the Confrontation Clause of the Sixth Amendment to the United States Constitution. Reinwand also contends that the judgment of conviction should be amended to correct a clerical error. For the reasons discussed below, we affirm Reinwand's conviction, but remand to the circuit court with directions to amend the judgment.
BACKGROUND
¶ 2 In 1984, Pamela Reinwand, Reinwand's wife, died in her home of a single gunshot to the head. Pamela's death was originally ruled a suicide by the coroner. Later, the investigation into Pamela's death was reopened and in 2014 Reinwand was charged in this case with first-degree murder for Pamela's death.
¶ 3 Prior to trial, the State filed with the circuit court a notice of intent to introduce into evidence, through the testimony of five witnesses, out-of-court statements made by Dale Meister. Meister, who had been in a romantic relationship with Reinwand's daughter and was the father of Reinwand's granddaughter, was unavailable to testify because he had been shot to death in March 2008. In October 2014, in a separate proceeding, Reinwand was convicted of first-degree intentional homicide for Meister's death.[1] In its notice in this case, the State summarized the out-of-court statements by Meister that it intended to present at trial as follows:
(a) [statements by Meister] that ... Reinwand had threatened [Meister] and told [Meister] that he could kill Meister and get away with it just as he had done with [Pamela] many years earlier, (b) [statements by Meister] that ... Reinwand had told [ ] Meister that he had killed in the past and gotten away with it and could do so again with Meister, (c) [statements by Meister] that Meister was scared of ... Reinwand and told witnesses that he expected to wind up dead and that Reinwand would stage it to look like a suicide, (d) [statements by Meister] that Meister said if he wound up dead, it would not be a suicide, and (e), [statements by Meister] that [ ] Reinwand was upset that [ ] Meister was checking into whether Pam[ela's] [ ] death in May of 1984 was truly a suicide or not.
¶ 4 Reinwand objected to the admission of this testimony relating Meister's out-of-court statements. Reinwand argued that the statements are inadmissible under the Confrontation Clause, which "bars admission of an out-of-court-testimonial statement unless the declarant is unavailable and the defendant has had a prior opportunity to examine the declarant with respect to the statement." See State v. Jensen , 2007 WI 26, ¶ 15, 299 Wis. 2d 267, 727 N.W.2d 518 (citing Crawford v. Washington , 541 U.S. 36, 68-69 (2004) ). The circuit court determined that the out-of-court statements that the State sought to admit are not testimonial and, therefore, are not barred by the Confrontation Clause. The court further determined that the statements were admissible at trial under various hearsay exceptions, rulings that are not contested in this appeal.
¶ 5 At trial, five witnesses-three long-time friends of Meister, one pastor who had been providing counseling services to Meister, and Pamela's mother-testified to out-of-court statements made by Meister. After a five-day trial, the jury found Reinwand guilty of first-degree murder. Reinwand appeals.
¶ 6 We address additional pertinent facts in the discussion below.
DISCUSSION
¶ 7 Reinwand asserts that he should be granted a new trial because the admission of testimony as to out-of-court statements made by the unavailable Meister violated the Confrontation Clause. In this appeal, Reinwand challenges the admission of only one category of statements by Meister, namely, those statements of Meister as to Reinwand's "incriminating statements" and "confessions" regarding the death of Pamela. Of the five witnesses who testified at trial as to Meister's out-of-court statements, only Meister's three long-time friends and Pamela's mother testified about statements made to them by Meister regarding incriminating statements and/or confessions by Reinwand. The pastor did not testify as to any such statements. Thus, Reinwand does not challenge the substance of the pastor's trial testimony on Confrontation Clause grounds. Accordingly, we limit our discussion to the issue of whether the circuit court erred in admitting the testimony of four witnesses to out-of-court statements that are to the effect that Reinwand admitted to Meister that he killed Pamela (or, more precisely, to the issue whether Reinwand has presented a developed legal argument challenging the court's decision). For ease of reading, we generally refer to those statements as Reinwand's confessions. Reinwand also contends that there is an error in the judgment of conviction that should be corrected. We fail to discern a developed legal argument on the first issue and agree with him on the second issue.
A. Admissibility of Out-of-Court Statements
¶ 8 Reinwand asserts that the circuit court erred when it admitted into evidence testimony of the four witnesses regarding out-of-court statements by Meister that Reinwand "confess[ed] and admit[ted]" to Meister that he killed Pamela. Reinwand asserts that the testimony of the four witnesses regarding Meister's statements to them as to Reinwand's confessions are barred by the Confrontation Clause and that, because the admission of those statements was prejudicial, he should be granted a new trial.
¶ 9 We generally review a circuit court's decision to admit or exclude evidence for an erroneous exercise of discretion. Id. , ¶ 12. However, whether evidence is barred by the Confrontation Clause is a question of law, which we review de novo. Id. "For purposes of that review, [we] must accept the circuit court's findings of fact unless they are clearly erroneous." Id. Below, we briefly review the applicable law, summarize Reinwand's assertions as to why Meister's out-of-court statements as to Reinwand's confessions are not admissible, and explain why we conclude that he fails to develop a legal argument on appeal on this issue.
1. Brief Review of the Law
¶ 10 The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right to confront witnesses who testify against the defendant at trial. U.S. CONST. amend. Vi ; see Jensen , 299 Wis. 2d 267, ¶ 13.
¶ 11 The Confrontation Clause "bars admission of an out-of-court-testimonial statement unless the declarant is unavailable and the defendant has had a prior opportunity to examine the declarant with respect to the statement." Jensen , 299 Wis. 2d 267, ¶ 15 (citing Crawford , 541 U.S. at 68-69 ). The Confrontation Clause does not bar out-of-court statements that are "nontestimonial." State v. Nieves , 2017 WI 69, ¶ 29, 376 Wis. 2d 300, 897 N.W.2d 363. See also Michigan v. Bryant , 562 U.S. 344, 359 (2011) (reasoning "the admissibility of a [non-testimonial] statement is the concern of state and federal rules of evidence, not the Confrontation Clause").
¶ 12 The Supreme Court in Crawford did not set forth a comprehensive definition of "testimonial statements," but it did provide some guidance on what statements fall within that category. As explained by our supreme court in Jensen :
What we do know is that "[w]hatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." Crawford , 541 U.S. at 68. The [Crawford ] Court also noted that "testimony" is typically a " 'solemn declaration or affirmation made for the purpose of establishing or proving some fact.' " Id. at 51 (quoting An American Dictionary of the English Language (1828) ). "An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." Id.
The [Crawford ] Court mentioned various formulations that had been proposed to define the "core class of 'testimonial' statements" but did not choose among these formulations. Id. at 51-52. In the Court's words, these formulations "all share a common nucleus and then define the [Confrontation] Clause's coverage at various levels of abstraction around it." Id. at 52 :
[1] [E]x parte in-court testimony or its functional equivalent-that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially.
....
[2] [E]xtrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions.
....
[3] [S]tatements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.
Id. at 51-52.
Jensen , 299 Wis. 2d 267, ¶¶ 16-17.
2. Reinwand Fails to Develop an Argument on the Testimonial Issue
¶ 13 The issue that Reinwand purports to raise is whether Meister's separate statements to the four witnesses regarding Reinwand's confessions are "testimonial" or "nontestimonial" statements under any of the three "core class[es]" of testimonial statements specified in Crawford . See Crawford , 541 U.S. at 51-52. However, as we now explain, Reinwand merely makes several assertions and fails to develop a supported legal argument. We reject his purported challenges to the circuit court's evidentiary determinations as completely lacking in content.
¶ 14 Reinwand asserts that the statements at issue here are testimonial under both the second and third "core class" of testimonial statements set forth in Crawford , but he immediately contradicts himself as to the second core class. The second "core class" of testimonial statements are: " 'extrajudicial statements ... in formalized testimonial materials.' " Id. at 51-52 (quoting White v. Illinois , 502 U.S. 346, 365 (1992) ). Reinwand concedes that none of Meister's statements to the four witnesses regarding Reinwand's confessions are formal. Accordingly, Reinwand acknowledges that none of Meister's statements regarding Reinwand's alleged confessions to Meister to which the four witnesses testified fall within the second core class of testimonial statements. Therefore, we move on to the third core class, namely, Reinwand's assertion that Meister's statements to the four witnesses regarding Reinwand's confessions are testimonial because Meister reasonably believed that his statements would be available for use at a later trial.
¶ 15 However, in purported support of his "reasonably believe[d]" argument, Reinwand points only to the testimony of the pastor, who as we have explained, testified to statements by Meister but not to statements by Meister regarding Reinwand's confession.
¶ 16 Pastor Martin Baur testified that he was providing counseling services to Meister near the time of Meister's death and that they spoke as often as ten times per week. Baur testified that, in the weeks prior to Meister's death, Meister told Baur that he believed that Pamela's death had been staged to appear to be suicide. Baur testified that Meister seemed "troubled," that Meister was fearful for his safety, and that Meister told him that if Meister was found dead of apparent suicide, Baur "should dig deeper and look into [ ] Reinwand," who would be responsible for Meister's death. Baur also testified that Meister's "genuineness and sincerity" alerted him that Meister "wasn't playing any games." It is important to note that none of Baur's trial testimony involved quoting Meister to the effect that Reinwand had confessed to Meister that Reinwand had killed Pamela.
¶ 17 Reinwand's argument goes nowhere because, as related above, none of the statements that Baur testified that Meister made were confessions by Reinwand to killing Pamela. Accordingly, those statements do not fall within the class of statements that Reinwand argues were improperly admitted. And, critically, Reinwand fails even to attempt to explain how or why the circumstances surrounding Meister's statements to Baur show that Meister's separate statements to the other four witnesses who testified regarding Meister's out-of-court statements are testimonial.[2] This court, as a general rule, declines to address conclusory assertions and undeveloped arguments, and that is all that we have been presented with here. See Associates Fin. Servs. Co. v. Brown , 2002 WI App 300, ¶ 4 n.3, 258 Wis. 2d 915, 656 N.W.2d 56.
B. Sentencing Error
¶ 18 In its oral ruling, the circuit court pronounced that Reinwand was sentenced to "life imprisonment." However, the judgment of conviction provides that Reinwand is sentenced to "Lifetime Supervision." Reinwand argues, and the State agrees, that the judgment of conviction should be corrected to accurately reflect Reinwand's sentence. See WIS. STAT . § 939.50(3)(a) (1983-84). We agree as well. The error is a clerical one and does not affect the validity of Reinwand's conviction. Accordingly, we remand to the circuit court with directions that the judgment of conviction be amended to state that Reinwand was sentenced to life imprisonment.
CONCLUSION
¶ 19 For the reasons discussed above, we affirm Reinwand's conviction for first-degree murder, but remand to the circuit court to amend the judgment of conviction to state that Reinwand was sentenced to life imprisonment.
By the Court. -Judgment affirmed and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2015-16).

While not pertinent to any issue we resolve in this appeal, we note that Reinwand has appealed his conviction for Meister's murder and our supreme court has recently accepted our certification of that appeal. See State v. Reinwand , No. 2017AP850-CR (certification by supreme court granted Sept. 4, 2018).

As far as we can tell from the record before us on appeal, Reinwand also failed to present the circuit court with a developed argument as to why Meister's statements to the other four witnesses as to Reinwand's confessions are testimonial and instead presented only conclusory assertions that they are.
In addition, it appears to us that, even if Reinwand had developed such an argument to the circuit court and again on appeal, we would not be persuaded that the statements of the four witnesses who testified to Meister's statements as to Reinwand's confessions are testimonial. So far as we can see, Meister made the statements during casual conversations with friends and a close acquaintance, and nothing in the circumstances surrounding those conversations would lead us to conclude that Meister believed his statements would be used later at a trial.