# COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 15, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2019AP2346**
**2019AP2347**

Cir. Ct. Nos. 2018TP38
2018TP39

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

NO. 2019AP2346

IN RE THE TERMINATION OF PARENTAL RIGHTS TO M.J.S., A PERSON UNDER THE AGE OF 18:

RACINE COUNTY HUMAN SERVICES DEPARTMENT,

   PETITIONER-RESPONDENT,

 V.

S.M.F.,

   RESPONDENT-APPELLANT.

---

NO. 2019AP2347

IN RE THE TERMINATION OF PARENTAL RIGHTS TO N.D.S., A PERSON UNDER THE AGE OF 18:

RACINE COUNTY HUMAN SERVICES DEPARTMENT,

   PETITIONER-RESPONDENT,

**V.**

**S.M.F.,**

    **RESPONDENT-APPELLANT.**

---

        APPEALS from orders of the circuit court for Racine County: DAVID W. PAULSON, Judge. *Affirmed.*

    ¶1    GUNDRUM, J.[1]  S.M.F. appeals from orders of the circuit court terminating her parental rights to M.J.S. and N.D.S. She claims her trial counsel was ineffective because at the trial to determine whether grounds for termination existed, counsel stipulated to the use of the post-2018 WIS JI—CIVIL 324, Involuntary Termination Of Parental Rights: Continuing Need Of Protection Or Services jury instruction and failed to call certain witnesses to defend S.M.F. against the petition. She also contends the court's denial of her request for a mistrial following certain questioning of a witness by the State deprived her of a full and fair jury trial and "it is entirely probable that the accumulation of error … suggest that the real controversy has not been tried here." For the following reasons, we affirm.

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

***Background***

¶2    The State filed a petition to terminate S.M.F.'s parental rights to her two children, M.J.S. and N.D.S., on the following bases:  1) the children continued to be in need of protection and services (continuing CHIPS), pursuant to WIS. STAT. § 48.415(2), and 2) S.M.F. failed to assume parental responsibility, pursuant to § 48.415(6).  After a trial on these two grounds for termination, the jury found that the State had proven both grounds.  The court thereafter determined that it was in the best interests of the children that S.M.F's parental rights be terminated. S.M.F. subsequently filed a post-conviction motion claiming her counsel performed ineffectively at her trial.  The court denied the motion after an evidentiary hearing.  S.M.F. appeals.

***Discussion***

*Ineffective Assistance*

¶3    In order to prove ineffective assistance of counsel, S.M.F. bears the burden to show both that counsel's performance was deficient and that the deficient performance prejudiced her.  *See **A.S. v. State***, 168 Wis. 2d 995, 1005, 485 N.W.2d 52 (1992); *see also **Strickland v. Washington***, 466 U.S. 668, 687 (1984).  If she fails to prove either prong, we need not address whether the other prong was satisfied.  *See **Strickland***, 466 U.S. at 700.

¶4    Whether a parent proves ineffective assistance of counsel is a mixed question of fact and law.  *See **State v. Pitsch***, 124 Wis. 2d 628, 633–34, 369 N.W.2d 711 (1985).  Factual determinations of the circuit court will be upheld unless they are clearly erroneous.  ***Id.*** at 634.  Whether trial counsel's performance

3

was deficient and whether it prejudiced the parent are questions of law we review de novo. *See **id.***

¶5     To prove deficient performance, the parent must show that counsel's specific acts or omissions were "outside the wide range of professionally competent assistance." *See **Strickland***, 466 U.S. at 690. There is a strong presumption that a parent received adequate assistance and that counsel's decisions were justified in the exercise of reasonable professional judgment. *See **State v. Domke***, 2011 WI 95, ¶36, 337 Wis. 2d 268, 805 N.W.2d 364; ***State v. Kimbrough***, 2001 WI App 138, ¶¶31–35, 246 Wis. 2d 648, 630 N.W.2d 752. Counsel's performance is deficient only if the parent proves that counsel's challenged acts or omissions were objectively unreasonable under all the circumstances of the case. *See **Kimbrough***, 246 Wis. 2d 648, ¶35. Scrutiny of trial counsel's decisions, conduct and overall performance is highly deferential. ***Pitsch***, 124 Wis. 2d at 637. We will not find counsel to have performed deficiently unless the law commanding a particular action or forbearance by counsel is clear and settled. ***State v. Morales-Pedrosa***, 2016 WI App 38, ¶16, 369 Wis. 2d 75, 879 N.W.2d 772; ***State v. McMahon***, 186 Wis. 2d 68, 84, 519 N.W.2d 621 (Ct. App. 1994).

¶6     To prove prejudice, S.M.F. must show that the alleged errors of counsel were "of such magnitude that there is a reasonable probability that, absent the error, 'the result of the proceeding would have been different.'" *See **State v. Erickson***, 227 Wis. 2d 758, 769, 596 N.W.2d 749 (1999) (quoting ***Strickland***, 466 U.S. at 694). "It is not sufficient for the [parent] to show that his [or her] counsel's errors 'had some conceivable effect on the outcome of the proceeding.'"

*Domke*, 337 Wis. 2d 268, ¶54 (quoting *State v. Carter*, 2010 WI 40, ¶37, 324 Wis. 2d 640, 782 N.W.2d 695).

Jury Instruction and Failure to Call Witnesses

¶7 The jury found two grounds to terminate S.M.F.'s parental rights: 1) continuing CHIPS and 2) failing to assume parental responsibility. To proceed to the disposition phase of the termination of parental rights proceedings, the State only needed to prove the existence of one of these grounds. *See Steven V. v. Kelley H.*, 2004 WI 47, ¶¶24–25, 271 Wis. 2d 1, 678 N.W.2d 856. Thus, in order to prevail now on appeal, S.M.F. needs to show that her counsel performed ineffectively with regard to both grounds. She has failed to do so.

¶8 S.M.F. spends much of her appellate briefing arguing that counsel was ineffective with regard to the continuing CHIPS ground for termination because counsel stipulated to the use of the post-2018 WIS JI—Civil 324, Involuntary Termination Of Parental Rights: Continuing Need Of Protection Or Services jury instruction instead of advocating for the use of the pre-2018 instruction.[2] We need not even address that issue because S.M.F. fails to show that counsel was ineffective with regard to the second ground for termination, failing to assume parental responsibility. As to this ground, under which the jury had to and did find that S.M.F had "not had a substantial parental relationship with" M.J.S. and N.D.S., *see* WIS. STAT. § 48.415(6)(a), S.M.F. fails to develop any argument that counsel performed deficiently or that she was prejudiced by such performance.

---

[2] Through 2017 Wisconsin Act 256, the legislature amended WIS. STAT. § 48.415(2) in 2018, which led to the modification of the related jury instruction.

¶9     Related to this failure-to-assume ground, S.M.F. complains that counsel failed to call S.M.F., S.M.F.'s therapist, and the children's foster parent as witnesses at trial.  As to this "failure," S.M.F. writes only:

> S.M.F. did not testify at the fact-finding hearing, but she did testify at the disposition hearing.  That testimony included that S.M.F. had been the sole caregiver for much of the children's lives.  S.M.F. had been involved in different therapy programs with the children, prior to their removal, to address their developmental delays.

S.M.F. then states:  "All of the information here is relevant to both grounds alleged in the termination of parental rights petitions, but it was not presented to the jury at the fact-finding."  The argument that counsel was ineffective with regard to this ground is woefully undeveloped and thus we will not address this issue.  *See* ***Wisconsin Conference Bd. of Trs. of United Methodist Church, Inc. v. Culver***, 2001 WI 55, ¶38, 243 Wis. 2d 394, 627 N.W.2d 469 (we do not address insufficiently developed arguments); ***Barakat v. DHSS***, 191 Wis. 2d 769, 786, 530 N.W.2d 392 (Ct. App. 1995) (reviewing court need not address "amorphous and insufficiently developed" arguments); *see also* ***Industrial Risk Insurers v. American Eng'g Testing, Inc.***, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 ("[W]e will not abandon our neutrality to develop arguments" for the parties.).  Furthermore, the question before us is not whether the information was "relevant" but whether counsel performed ineffectively.  S.M.F. fails to make a case to overcome our strong deference to counsel's decisions, conduct and overall performance and makes no effort to develop an argument that there was a reasonable probability of a different result if counsel had called these three witnesses at trial.

*Mistrial*

¶10     S.M.F. claims the circuit court erred in not granting her request for a mistrial after the State asked one of its witnesses, a Racine County Human Services case management supervisor, whether she "ever [had] a concern about [S.M.F.] maintaining a suitable residence, particularly drug activity out of her home?" S.M.F. has not shown that the court erred.

¶11     As we have stated:

> Whether to grant a mistrial is a decision that lies within the sound discretion of the circuit court. The circuit court "must determine, in light of the whole proceeding, whether the claimed error was sufficiently prejudicial to warrant a new trial. The denial of a motion for mistrial will be reversed only on a clear showing of an erroneous use of discretion" by the circuit court.

*State v. Doss*, 2008 WI 93, ¶69, 312 Wis. 2d 570, 754 N.W.2d 150 (citations omitted).

¶12     Following the State's question, S.M.F.'s counsel objected and the circuit court sustained the objection before any response by the witness. Out of the presence of the jury, S.M.F. moved for a mistrial. As part of argument on this point, counsel indicated that S.M.F. did not want a specific curative instruction on the matter "because it would basically bring the jury back to" the issue. The court ultimately denied the motion for a mistrial, concluding that the unanswered question by the State was not so prejudicial that S.M.F. could not get a fair trial, especially in light of the fact that it had instructed the jury before the presentation of evidence that the jury "should not draw any inference from an unanswered question."

¶13     In the "Argument" section of her brief-in-chief, S.M.F. cites to cases identifying the law related to mistrials and curative instructions.   Her actual "argument" related to her mistrial "issue," however, consists only of:

> The trial court did ultimately rule that the information, while relevant, was unfairly prejudicial and would lead to confusion.   Nevertheless, the jury heard the *unanswered* question.  There was not a curative instruction given to the jury about ignoring the statement.   The prejudicial effect was never abated in this case.  It is impossible to erase the prejudicial effect of a statement if no curative instruction is given under the circumstances of this case.

(Emphasis added.)  As with her ineffective assistance of counsel issue, SMF again fails to sufficiently develop an argument on her mistrial issue as she fails to apply the law related to mistrials to the facts of this case.  Specifically, her assertion as to prejudice is conclusory, and she develops no argument attempting to show that "the claimed error was sufficiently prejudicial to warrant a new trial."  *See Doss*, 312 Wis. 2d 570, ¶69.  Therefore, we do not address her mistrial complaint.  *See Associates Fin. Servs. Co. of Wis., Inc. v. Brown*, 2002 WI App 300, ¶4 n.3, 258 Wis. 2d 915, 656 N.W.2d 56 (we do not address conclusory and undeveloped contentions).

¶14     While we could end our discussion there, we further point out that, as S.M.F. and the State (and the circuit court) note, the witness never answered the State's question.  As the State adds in its response brief:  "No evidence was ever presented regarding drug activity out of S.M.F.'s home.  In fact, drug activity was never mentioned again through the course of the trial."

¶15     As to S.M.F.'s assertion that the circuit court never gave a curative instruction regarding this "drug activity" question by the State, we cannot overlook that her own counsel told the court that S.M.F. did not want a specific

8

curative instruction "because it would basically bring the jury back to" the issue. Thus, if error did occur, S.M.F. invited it, and we do not review invited error. *See Shawn B.N. v. State*, 173 Wis. 2d 343, 372, 497 N.W.2d 141 (Ct. App. 1992). Moreover, as the court noted, it *did* instruct the jury, prior to the presentation of evidence, that it "should not draw any inference from an unanswered question," and it further added, "because the law requires that your decision be made solely upon the competent evidence before you." And the court also instructed the jury, both before and after the presentation of evidence, that it was "to decide the case solely on the evidence offered and received at trial" and the "[r]emarks of the attorneys are not evidence. If any remarks suggest certain facts not in evidence, disregard the suggestion." As S.M.F. recognizes, the law holds that "[j]urors are presumed to have followed jury instructions." *See State v. LaCount*, 2008 WI 59, ¶23, 310 Wis. 2d 85, 750 N.W.2d 780. We thus presume the jury here followed the court's instructions and did not base its verdicts on the singular, unanswered question S.M.F. challenges.

*The Real Controversy*

¶16    S.M.F. also asserts that, "in the interest of justice," we should exercise our discretionary reversal power under WIS. STAT. § 751.06, on the basis that "[i]t is entirely probable that the accumulation of error in these cases suggest that the real controversy has not been tried here." She fails to persuade.

¶17    We are to exercise our power under WIS. STAT. § 751.06 "only in 'exceptional cases.'" *See State v. Avery*, 2013 WI 13, ¶38, 345 Wis. 2d 407, 826 N.W.2d 60 (citation omitted). "The power to grant a new trial in the interest of justice is to be exercised 'infrequently and judiciously.'" *Id.* (citation omitted). We "approach[] a request for a new trial with great caution" and "are reluctant to

9

grant a new trial in the interest of justice." *Id.* (citation omitted).  S.M.F.'s "argument" on this point is again conclusory and undeveloped, only briefly referring back to her undeveloped contentions on the prior issues for support. S.M.F. has not convinced us that this is an "exceptional case" requiring reversal in the interest of justice.

> *By the Court.*—Orders affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.